UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

SIMPO SERVICES and
ASCENSION HEALTH ALLIANCE,

    Defendants.
_____/

## WELLS FARGO BANK, N.A.'S COMPLAINT FOR INTERPLEADER

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1332, 1335 and 2361, bring this action against Defendants, Simpo Services and Ascension Health Alliance ("Ascension") (Simpo Services and Ascension shall collectively be referred to herein as the "Claimant Defendants"), and in support thereof, states and alleges as follows:

### NATURE OF ACTION

1.     This interpleader action arises out of a dispute between the Claimant Defendants concerning a $1,841,749.65 check issued by Ascension and ultimately deposited in Simpo Services' checking account at Wells Fargo.

138358192

2. The Claimant Defendants are alleging entitlement to the check proceeds, the remaining portion of which are presently being held and restrained in Simpo Services' account at Wells Fargo.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds ($1,618,704.88) into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Ascension – a private healthcare system – is a Missouri nonprofit corporation with its principal place of business in St. Louis, Missouri. Accordingly, Ascension is a citizen of Missouri.

6. Simpo Services – which upon information and belief is a pest control company – is a Florida-based entity with its principal place of business in Jacksonville, Florida. To the extent Simpo Services is not formally registered with any State to do business and/or was not registered at all times material hereto, its

sole principal/owner (James Simpo) is a resident and citizen of Florida. Accordingly, Simpo Services is a citizen of Florida.[1]

## JURISDICTION AND VENUE

7. Wells Fargo brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between Simpo Services and Ascension, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. Wells Fargo also brings this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Wells Fargo and the Claimant Defendants, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

9. Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the funds at issue were deposited in a Wells Fargo bank account with a customer/statement mailing address in Jacksonville, Florida.

---

[1] A "Simpo Service LLC" filed its Articles of Organization with the State of Florida on July 19, 2022. As per the Articles, the effective date for Simpo Service LLC was/is July 19, 2022. The principal and address listed on sunbiz.org for this "Simpo Service LLC" are the same as those for Wells Fargo's customer, Simpo Services.

138358192

10. Venue is also appropriate in the Middle District of Florida, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions and because at least one of the Claimant Defendants is a citizen of and resides in the state of Florida.

## FACTS COMMON TO ALL CLAIMS

11. At all times material hereto, Simpo Services maintained a Wells Fargo Initiate Business Checking Account (Account No.: XXXXXX4984; the "Simpo Services Account").

12. At all times material hereto, Ascension maintained a Wells Fargo Commercial Checking Account (Account No.: XXXXXX2357; the "Ascension Account").

13. On or about June 28, 2022, Ascension issued from the Ascension Account a $1,841,749.65 check made payable to "Simpo Service" (the "Check," attached hereto as **Exhibit A**).[2]

14. On or about July 6, 2022, Simpo Services deposited the Check into the Simpo Services Account.

---

[2] "Amita Health" is identified on the top left portion of the Check." Upon information and belief, Amita Health was a former joint venture in which Ascension participated and/or operated. In any event, the Check was issued from the Ascension Account which was owned and/or maintained by Ascension.

15. Simpo Services subsequently used, withdrew and transferred some of the Check proceeds.

16. Ascension subsequently reported to Wells Fargo that the Check was inadvertently issued and that Simpo Services was thus not entitled to the Check proceeds.

17. Accordingly, Wells Fargo restrained the Simpo Services Account, which currently holds a restrained balance of **$1,618,704.88** (the "Restrained Proceeds").[3]

18. Despite repeated requests, Simpo Services has refused to allow Wells Fargo to debit the Simpo Services Account and return the Restrained Proceeds to Ascension.

19. Accordingly, there is a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

20. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

---

[3] This Simpo Services Account incurs a $2 monthly "check image fee," which is assessed at the end of each month. Accordingly, the Restrained Proceeds will likely decrease by $2 every month until the funds are deposited into the Court Registry.

138358192

21. The relationships between: (a) Wells Fargo and Simpo Services relative to the Simpo Services Account; and (b) Wells Fargo and Ascension relative to the Ascension Account are currently governed by the Wells Fargo Deposit Account Agreement, effective May 9, 2022, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit B.**

22. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

23. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

24. All conditions precedent to recovery have been performed, waived or have occurred.

## CAUSE OF ACTION

## INTERPLEADER

25. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

27. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

138358192

28. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability and cannot safely remit the Restrained Proceeds without the aid of this Court.

29. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C. That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Check, the Simpo Services Account and the Ascension Account;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees,

138358192

and servants, regarding the Restrained Proceeds, the Check, the Simpo Services Account and the Ascension Account;

E.  That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F.  That Wells Fargo be dismissed as a party to this action; and

G.  For such other and further relief as this Court deems just, equitable, and proper.

Dated: October 19, 2022

        Respectfully submitted,

        FOX ROTHSCHILD LLP

        By: /s/ Seth B. Burack
            Seth B. Burack
            Florida Bar No. 68360
            sburack@foxrothschild.com
            777 South Flagler Drive
            Suite 1700 West Tower
            West Palm Beach, FL 33401
            Tel: (561) 835-9602
            Fax: (561) 804-4418

        *Attorneys for Plaintiff*

138358192